UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-62425-KMW

CHRISTINE PUTNAM,

    Plaintiff,

v.

MARTIN O'MALLEY,[1]
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Counsel's Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) (the "Motion") (ECF No. 28).[2] United States District Judge Kathleen M. Williams has referred the matter to the undersigned for appropriate disposition. *See* (ECF No. 29); *see also* 28 U.S.C. § 636(b). After due consideration of the Motion, and being otherwise fully advised on the matter, the undersigned respectfully recommends that the Motion be **GRANTED** for the reasons set forth below.

On June 28, 2022, the Court reversed the Commissioner's decision and remanded the case for further proceedings. *See* (ECF Nos. 23, 24). Following remand, Plaintiff's counsel sought, and this Court granted, $6,504.45 in attorney's fees under the Equal Access to Justice Act, 28

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] In light of Plaintiff's representation that the Commissioner "neither supports nor oppose[s] this petition," the undersigned finds that a response to the Motion is unnecessary. *See* (ECF No. 28 at 1, 2, 5-6).

U.S.C. § 2412(d)(1) (the "EAJA"). *See* (ECF Nos. 25, 26, 27). On remand, the Commissioner issued a decision favorable to Plaintiff, finding Plaintiff disabled since September 2021 and issuing a Notice of Award. *See* (ECF Nos. 28 at 1, 28-2 at 1). Plaintiff was awarded past-due benefits totaling $43,150, of which $10,787.50 (or 25%) was withheld by the Commissioner for payment of attorney's fees. (ECF Nos. 28 at 1-2; 28-2 at 3-4).

Based on this award, Plaintiff's counsel now seeks to recover $10,091.95 in attorney's fees under a contingent-fee agreement with Plaintiff, which represents less than 25% of Plaintiff's past-due benefits.[3] *See* (ECF Nos. 28 at 2; 28-1); *see also* 42 U.S.C. § 406(b)(1)(A) (authorizing a reasonable fee award "not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled"). If the requested fees are granted, counsel will refund to Plaintiff the previously awarded EAJA fee of $6,504.45, resulting in a net § 406(b) fee of $3,587.50. *See* (ECF No. 28 at 2-3); *see also Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) ("Fee awards may be under both [the EAJA and § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (alteration in original) (quotation omitted). Defendant neither supports nor opposes the Motion. (ECF No. 28 at 1, 2, 5-6).

After a careful review of the record, the case law on contingency fee arrangements in Social Security cases, counsel's hours, reputation, and experience, *see* (ECF No. 28-3), and considering the unopposed nature of the Motion, the undersigned finds that counsel's request for attorney's fees is reasonable and should be granted. *See Gisbrecht*, 535 U.S. at 807-09 (holding that under § 406(b), courts must review proposed contingent-fee awards for reasonableness); *see also Guilliams v. Comm'r Soc. Sec. Admin.*, No. 16-CV-62762, ECF No. 31 (S.D. Fla. Oct. 14, 2021)

---

[3] Plaintiff is represented by attorney David B. Goetz. Attorney Goetz has been licensed to practice law in the State of Florida since 1994 and has extensive experience handling Social Security disability cases before the various District Courts of this Circuit. *See* (ECF No. 28-3 at 2); https://www.floridabar.org/directories/find-mbr/profile/?num=996416 (last visited Feb. 22, 2024).

2

(awarding counsel 25% of plaintiff's past-due benefits); *Sterling v. Astrue*, No. 09-CV-60337, 2010 WL 3658994, at *3 (S.D. Fla. Aug. 19, 2010), *report and recommendation adopted*, 2010 WL 3658943 (S.D. Fla. Sept. 15, 2010) (recommending award of attorney fees, pursuant to 42 U.S.C. § 406(b), totaling 25% of plaintiff's back due benefits); *Justice v. Acting Comm'r of Soc. Sec. Admin.*, No. 17-CV-60633, 2020 WL 3035231, at *1 (S.D. Fla. June 5, 2020) (awarding $16,146 in attorney's fees under 42 U.S.C. § 406(b)).

## **RECOMMENDATION**

Accordingly, the undersigned respectfully recommends that: (i) the Motion (ECF No. 28) be **GRANTED**; (ii) Plaintiff's counsel be awarded $10,091.95 in attorney's fees, payable from the past-due benefits awarded to Plaintiff by the Commissioner; and (iii) within 30 days after receiving these fees, Plaintiff's counsel shall return directly to Plaintiff the attorney's fees previously awarded ($6,504.45), resulting in a net fee of $3,587.50.

Within **7 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on February 22, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Kathleen M. Williams
    All Counsel of Record